**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DEANDRE T. LOWE,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 10-cv-035-DRH** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 08-cr-30111** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner Deandre Lowe's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  This motion was filed by Lowe, *pro se*, and the Government has not filed written responses to this motion.  For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement and stipulation of fact, Lowe pleaded guilty to four counts involving the distribution of crack cocaine.  On May 29, 2009, Lowe was sentenced to 292 months imprisonment, 10 years supervised release, a $1000 fine, and a special assessment of $400.  No appeal was filed, but Lowe filed the instant motion several months later.  In his motion, he asserts that he was denied his right to a direct appeal, and he argues that Counsel was ineffective in failing to file a direct appeal.

Lowe entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Lowe waived his right to a direct appeal and to a collateral attack under Section 2255.  Specifically, the plea agreement provides in relevant part:

The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more than severe than that recommended by the Government. Defendant knowingly and voluntarily waives the right to seek a pardon, whether before or after his release from custody.

Plea agreement at ¶ III.2 (Doc. 47, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.

*Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.  *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to apply, however, Lowe's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon his relevant conduct. The maximum penalty for distribution of crack cocaine is life imprisonment. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).  Based upon the conduct to which Lowe admitted and others attributed to him, his applicable range of imprisonment was 292 to 360 months on counts 1-3, and 292-365 months on count 4; Lowe was sentenced to 292 months.  There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Lowe nor sentenced him above the statutory maximum.

Because the waiver provisions of a plea agreement are enforceable, Lowe has waived any right to bring this Section 2255.  Accordingly, Lowe's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and all pending motions are now moot.

**IT IS SO ORDERED.**

**DATED:  July 29, 2010.**

/s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

- 3 -